**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In re:<br>Maple Leaf, Inc.,<br>　　　　　Debtor. | Case No. 3-22-10420-cjf<br>Chapter 11<br>Subchapter V |

**STIPULATION REGARDING AUTHORIZING FOR USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

The Debtor, Maple Leaf, Inc., secured creditor Wisconsin Bank & Trust, and interested party Capital Dude, LLC, by their respective undersigned counsel, hereby stipulate and agree to the terms for the Debtor's use of cash collateral and to provide adequate protection as set forth below.

**BACKGROUND AND RECITALS**

A.　　The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2022 (the "Petition Date").

B.　　The Debtor is continuing in possession of its property and operating and managing its business pursuant to § 1108 and § 1186(b) of the Bankruptcy Code.

C.　　On the Petition Date, the Debtor filed its first day motions, including a Motion for Use of Cash Collateral and Granting Adequate Protection. (Dkt. #2.)

D.　　Wisconsin Bank & Trust objected to the Motion for Use of Cash Collateral. (Dkt. #26.)

E.　　The Bank's objection was resolved by agreement of the parties as set forth on the record at the hearing on the first day motions, and as reflected in a revised Interim Order for Use of Cash Collateral that was entered by the Court on March 31, 2022. (Dkt. #40.) The Bank reserved all rights to further review and object to any final order on use of cash collateral.

F. The Court set a Final Hearing on the Debtor's Use of Cash Collateral for April 20, 2022. (Dtk. #36, 40.)

G. Since entry of the Interim Order, counsel for the Debtor and the Bank have continued discussions regarding terms for a final order for use of cash collateral.

H. Capital Dude, LLC has appeared in this matter by counsel (Dkt. #30), and counsel for Capital Dude has contacted Debtor's counsel regarding its concerns and positions on the Debtor's use of cash collateral. Capital Dude disagrees with the Debtor's contentions and characterizations regarding the Debtor's obligations to Capital Dude. Capital Dude, LLC objects to the characterization of it as a lender in the Motion and reserves all rights related to a determination of the nature of its transaction with the Debtor.

I. The Debtor, the Bank and Capital Dude wish to resolve matters concerning the Debtor's continued use of cash collateral and adequate protection as set forth in this stipulation.

**NOW THEREFORE**, the Debtor, the Bank and Capital Dude hereby stipulate and agree as follows:

1. The Debtor shall be entitled to use cash collateral and shall grant adequate protection as set forth in the Agreed Order attached hereto as **Exhibit A**.

2. The Debtor and Capital Dude agree that the terms of this Stipulation and the Agreed Order are without prejudice or binding effect to final plan treatment of Capital Dude, and that the Order will not constitute a determination of the nature of its transaction with the Debtor. The Debtor acknowledges that Capital Dude expressly reserves all rights and arguments.

3. The proposed Agreed Order tracks most of the material provisions of the interim order entered by the Court on March 31, 2022, with a few updates. The Agreed Order

provides that the Debtor shall increase its monthly payment to the Bank to $28,530 beginning with the payment due in April, 2022, of which $10,000 shall be paid from a portion of the rent due Grant Properties (Grant Properties shall receive the remaining $6,000). The Agreed Order further provides that Capital Dude shall receive monthly payments of $4,000 beginning with a payment due the week ending April 16, 2022.

4. Capital Dude and the Bank agree that they shall refrain from any actions to collect from any guarantors or co-debtors unless and until (a) the Termination Date of the Agreed Order, or any extension(s) thereto, (b) an Event of Default is not cured within the time permitted under the Agreed Order, or (c) with respect to the Bank, if the Bank does not receive the $420,000 cash payment from the closing on the real estate owned by Joel and Jamie Grant on or before April 16, 2022.

5. In light of this stipulation, the parties respectfully request that the final hearing set for April 20, 2022 be removed from the Court's calendar.

**WHEREFORE,** the Parties respectfully request that the Court (a) enter the Agreed Order on use of cash collateral and adequate protection; (b) cancel the final hearing on use of cash collateral; and (c) grant such other and further relief as the Court may deem proper.

Dated this 8th day of April, 2022.

**DEBTOR, MAPLE LEAF, INC.**

By: */s/ Craig E. Stevenson*
    Craig E. Stevenson (#1060082)
    DeWitt LLP
    Two East Mifflin Street, Suite 600
    Madison, WI  53703-2865
    608-252-9263  ces@dewittllp.com

(Proposed counsel to the Debtor)

**CAPITAL DUDE, LLC**

By: /s/ Shanna M. Kaminski
    Shanna M. Kaminski
    KAMINSKI LAW, PLLC
    P.O. Box 725220
    Berkley, Michigan 48072
    (248) 462-7111
    skaminski@kaminskilawpllc.com

**WISCONSIN BANK & TRUST**

By: /s/ David J. Van Lieshout
    David J. Van Lieshout
    VAN LIESHOUT LAW OFFICE
    P.O. Box 186
    Little Chute, Wisconsin 54140-0186
    Phone: 920.788-0800
    Fax: 920.788.0907
    davevl@littlechutelaw.com
    jonathanv@littlechutelaw.com