**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In re:<br>Maple Leaf, Inc.,<br>　　　　　　Debtor. | Case No. 3-22-10420-cjf<br>Chapter 11<br>Subchapter V |

**DEBTOR'S SEC. 1188(c) STATUS REPORT**

The Debtor, Maple Leaf, Inc., submits this status report under § 1188(c).

**Background**

1. On March 25, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11. The Debtor has elected to proceed under Subchapter V.

2. The Court has scheduled the Subchapter V status conference for May 10, 2022 (Dkt. # 50). This report is submitted 14 days prior to the May 10 conference, as required by § 1188(c).

**Progress in the Bankruptcy Case**

3. The Debtor was able to negotiate terms for interim use of cash collateral with its primary secured creditor, Wisconsin Bank & Trust. The Debtor was able to stipulate with the Bank and Capital Dude, LLC, which claims an interest in the Debtor's receivables, regarding a final order for use of cash collateral. The final cash collateral order terminates on June 30, 2022, unless the parties agree to an extension or the Court orders further relief.

4. The Debtor has been able to transition smoothly into bankruptcy and continue operating its business and managing its financial affairs as debtor-in-possession. The Debtor has been able to secure needed materials and services from vendors by paying in cash at the time or in advance of delivery.

5. The Debtor has secured a typical number of seasonal service contracts with its lawn maintenance customers, and is bidding landscaping contracts with full schedules into June and July. The cold and wet (and sometimes snowy) spring delayed some project starts, but the spring season is mostly on track as of the date of this report.

### Efforts to Attain a Consensual Plan of Reorganization

6. The Debtor expects to undertake a consensual plan by presenting a draft of the plan to Wisconsin Bank & Trust and Capital Dude before filing. The Debtor will propose extended but commercially reasonable amortizations of these claims. The Debtor's counsel has had discussions with the Subchapter V trustee and counsel for the Bank regarding the broad terms of the anticipated plan.

7. The Debtor does not anticipate significant complications in promptly proposing and confirming a plan. The Debtor does not anticipate any adversary or claim adjudication proceedings as a prerequisite to confirmation. Discovery is not likely to be necessary to proceed with plan filing and confirmation, and the Debtor will continue to make information available to parties upon reasonable requests.

8. The primary goal of the Debtor's reorganization is to improve cash flow by re-amortizing and reducing monthly payments on the claim of Wisconsin Bank & Trust. The Bank's loan was made under an SBA loan program, and counsel for the Debtor is familiar with and mindful of the SBA's positions and policies regarding the restructuring of SBA-guaranteed loans.

9. On or about April 15, Wisconsin Bank & Trust was paid $420,000 from the refinance of a parcel of real estate owed by non-debtor codebtors. This reduction in the Bank's principal is a significant step toward reaching a consensual plan on feasible terms.

10. The Debtor does not anticipate a need to file motions prior to confirmation. Most of the Debtor's machinery and equipment were valued approximately two months prior to the Petition Date, and that appraisal was commissioned by Wisconsin Bank & Trust.

11. The Debtor does not anticipate objections to claims or motions to estimate claims for voting purposes.

12. The Debtor expects to file its plan by May 20, 2022. As noted above, the Debtor anticipates circulating a draft plan at least two weeks in advance of that date to solicit feedback and comment from Wisconsin Bank and Capital Dude, which the Debtor believes will enhance the likelihood of a consensual confirmation. That said, the Debtor is prepared to proceed with non-consensual confirmation if reasonable plan terms cannot be negotiated.

13. The Debtor is using the Form 425A Subchapter V plan form as a template for its plan draft. The Debtor's management, legal counsel, and financial consultant are continuing to work on long-range cash flow projections and a liquidation analysis to support confirmation of the plan.

Dated: April 26, 2022

**DEWITT LLP**

By: ___/s/ Craig E. Stevenson___
  Craig E. Stevenson (#1060082)
  Two East Mifflin Street, Suite 600
  Madison, WI  53703-2865
  608-252-9263
  ces@dewittllp.com

  Counsel for the Debtor